

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00199-CR

MANDY KAY DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 64,096-E, Honorable Douglas R. Woodburn, Presiding

March 31, 2020

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Mandy Kay Davis, proceeding pro se, appeals the trial court's judgment revoking her community supervision and sentencing her to five years' confinement for the offense of burglary of a habitation.[1] Appellant's brief was originally due February 28, 2020, but was not filed. By letter of March 10, 2020, we notified appellant that the brief was overdue and admonished her that failure to file a brief by March 20 would result in

---

[1] Tex. Penal Code Ann. § 30.02(c)(2) (West 2019).

the appeal being abated and the cause remanded to the trial court for further proceedings without further notice.[2]   To date, appellant has not filed a brief or had any further communication with this Court.

Rule of Appellate Procedure 38.8(b) provides, in part, that an appellant's failure to file a brief in a criminal case does not authorize either dismissal of the appeal or consideration of the appeal without briefs, unless the trial court has found either (1) the appellant no longer desires to prosecute the appeal, or (2) the appellant is not indigent and has not made the necessary arrangements for filing a brief.   TEX. R. APP. P. 38.8(b)(1), (4).

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings.  TEX. R. APP. P. 38.8(b)(2), (3).  Upon remand, the trial court shall determine the following:

1.      whether appellant still desires to prosecute the appeal;

2.      whether appellant is indigent and entitled to the appointment of appellate counsel;

3.      whether appellant has failed to make the necessary arrangements for filing a brief;

4.      the reason for appellant's failure to file a brief; and

5.      if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

---

[2] The Clerk of this Court sent the March 10 letter to appellant at her last known address. The letter was returned to the Clerk undelivered.  Appellant has not provided the Court with any other mailing address. TEX. R. APP. P. 9.1(b) (requiring unrepresented parties to provide appellate courts with their contact information).

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by April 30, 2020. If it is determined that appellant desires to proceed with the appeal, is indigent, and entitled to appointed counsel, the trial court shall appoint appellate counsel; the name, address, email address, phone number, and state bar number of any newly-appointed counsel shall be included in the aforementioned findings. Should further time be needed to perform these tasks, then same must be requested before April 30, 2020.

It is so ordered.

Per Curiam

Do not publish.